**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| LARRY D. CAMERON, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 1:15-cv-0090-RLY-TAB |
| SUPERINTENDENT, | ) ) ) |
| Respondent. | ) ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Larry Cameron for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. NCN 14-10-0001. For the reasons explained in this Entry, Cameron's habeas petition must be **denied**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

**B. The Disciplinary Proceeding**

On September 28, 2014, Sergeant Travis Bardonner wrote a Report of Conduct in case No. NCN 14-10-0001 charging Cameron with possession of altered property in violation of Code B-228. The conduct report states:

> On the above date and approx. time, I Sgt. Bardonner, received an informant letter stating there was a shank in M4-101. Upon entering the cell I asked Larry Cameron – 160518 to identify his personal property prior to the search. After searching under bunk 101A Ofc. S. Roberts then moved property that Off. Cameron stated was his and found a toothbrush sharpened at one end secured underneath the seat next to 101A with a black sticky substance. When questioned about the weapon Off. Cameron denied any knowledge of it but stated no one else touched his property. Off. Cameron was escorted to O3 showers for medical assessment prior to placement in O3 116.

[Filing No. 9-1].

On October 3, 2014, Cameron was notified of the charge and was given a copy of the conduct report and the Notice of Disciplinary Hearing "Screening Report." He was notified of his rights and pled not guilty. He requested a lay advocate and requested Officer Catron as a witness. Cameron did not request physical evidence. [Filing No. 9-3]. Officer Catron provided the following statement: "On 9-28-2014 I Ofc. M. Catron was conducting a shakedown in cell M4-101 with Ofc. S. Roberts. While searching the cell for contraband Ofc. S. Roberts found a homemade weapon under the seat closest to the bottom bunk. End report." [Filing No. 9-5].

The hearing officer conducted a disciplinary hearing in case No. NCN 14-10-0001 on October 6, 2014, and found Cameron guilty of the charge of possession of altered property. Cameron made a statement denying the altered property was his. In making this determination, the hearing officer considered the staff reports, offender statement, and a photo of the altered property. Based on the hearing officer's recommendations the following sanctions were imposed: a written reprimand, a 30 day loss of telephone and commissary privileges, 60 days of disciplinary

segregation, a demotion from credit class 1 to credit class 2, and a 90 day loss of earned credit time. The hearing officer recommended the sanctions because of seriousness of the offense. [Filing No. 9-7].

Cameron appealed the disciplinary proceeding through the administrative process. His appeals were denied. He now seeks relief pursuant to 28 U.S.C. § 2254 arguing that his due process were violated.

### C. Analysis

In the petition for writ of habeas corpus, Cameron brings the following claims for habeas relief: 1) he did not have 24 hours advance notice prior to the hearing; 2) the evidence was not sufficient to support a guilty finding; 3) he was denied an impartial decision maker; 4) he was subjected to retaliation for filing a grievance; and, 5) various civil rights violations.[1]

First, Cameron alleges he did not have 24 hours advanced notice of the hearing. Prison officials satisfy due process requirements in an administrative disciplinary proceeding if a prisoner receives (1) 24 hours advance written notice of the claimed violation. *Wolff*, 418 U.S. at 564-66 (1974). Here, Cameron received the conduct report and screening report on October 3, 2014. [Filing No. 9-1; Filing No. 9-3]. He did not waive his right to 24 hours advance notice of the hearing. The hearing was postponed. [Filing No. 9-6]. On October 6, 2014, the hearing officer conducted a disciplinary hearing in case No. NCN 14-10-0001, and found Cameron guilty of the charge of possession of altered property. The record does not reflect that prison officials failed to provide Cameron with the required due process protections. He received written notice of the charges at least 24 hours before the hearing. He is not entitled to habeas relief.

---

[1] For the first time in this Court, the petitioner argues that the hearing officer did not set forth the reasons for his decision. [Filing No. 13, at ECF p. 6]. Because he did not raise this issue at the administrative level, it is waived. *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002).

Second, Cameron challenges the sufficiency of the evidence. The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

Cameron argues that there was no evidence the altered property belonged to him because he shared the cell with three other inmates and the altered property was found under a permanent fixture in the cell that was accessible to all of the inmates sharing that cell. Cameron argues that the concept of constructive possession is insufficient to support the standard of "some evidence" required by *Hill*. This is an incorrect understanding of constructive possession. The required sufficiency of evidence, "some evidence," may be satisfied when an illegal item is found in a cell shared by more than one offender, citing *Hamilton v. O'Leary,* 976 F.2d 341, 345 (7th Cir. 1992) ("constructive possession provides 'some evidence' of guilt when contraband is found where only a few inmates have access"). Each offender may be found guilty by joint or constructive possession. *Id. Hamilton* involved a situation where contraband was found in a cell occupied by and under the control of the petitioner and three cellmates. There was "no direct evidence identifying one of the four cellmates as the owner of the contraband." *Id.* at 346. This meant that there was a 25% chance that the contraband belonged to the petitioner, and that was sufficient to constitute "some evidence." *Id.*

Similarly, here, there is no direct evidence in the record identifying a single owner of the altered property. The conduct report states that the Cameron identified his personal property prior

to the search. After searching under Cameron's bunk, Officer Roberts moved the property Cameron stated was his and found a toothbrush sharpened at one end and secured underneath the seat next to Cameron's bunk with a black substance. When asked about the weapon, Cameron denied any knowledge of it, but stated no one else touched his property. The seat under which the altered toothbrush was found was closest to Cameron's bunk and personal property. And Cameron admitted that the other inmate in the cell placed his property on the seat "farthest from my bunk." [Filing No. 9-7]. This is sufficient to support a conclusion that Cameron constructively possessed the altered property. Cameron is asking this Court to reweigh the evidence, something it will not do. *McPherson*, 188 F.3d at 786. Cameron is not entitled to relief.

Third, Cameron alleges he was denied a fair and impartial decision maker because Hearing Officer Storm acted in retaliation for Cameron having previously criticized him to another officer regarding the search of a cell phone. A prisoner in a disciplinary action has the right to be heard before an impartial decision maker. *Hill*, 472 U.S. at 454. A "sufficiently impartial" decision maker is necessary in order to shield the prisoner from the arbitrary deprivation of his liberties. *Gaither v. Anderson,* 236 F.3d 817, 820 (7th Cir. 2000) (per curiam); *Redding v. Fairman,* 717 F.2d 1105, 1112, 1116 (7th Cir. 1983). Due process requires recusal only where the decision maker has a direct or otherwise substantial involvement in the circumstances underlying the charges against the offender. *Redding v. Fairman*, 717 F.2d 1105, 1113 (7th Cir. 1983).

Here, Sergeant Bardonner and Officer Roberts searched Cameron's cell and discovered an altered toothbrush near his bunk and by property that Cameron identified as his. There is no evidence that Hearing Officer Storm was involved with the search or discovery of the altered toothbrush or the report of conduct. There is no evidence to support Cameron's claim that Hearing Officer Storm was not impartial.

Fourth, Cameron presents the conjecture that retaliation was the motive for the conduct report and the subsequent discipline. On the contrary, however, a process in which established procedures are followed, where discretion is circumscribed by regulations, and which adheres to *Wolff's* procedural requirements, does not pose a hazard of arbitrariness which violates due process. *See McPherson v. McBride,* 188 F.3d 784, 787 (7th Cir. 1999)("as long as procedural protections are constitutionally adequate, we will not overturn a disciplinary decision solely because evidence indicates the claim was fraudulent."); *Brown v. Carpenter,* 889 F.Supp. 1028, 1034 (W.D.Tenn.1995)("Plaintiff has no right protecting him from being charged with a disciplinary offense. . . . A plaintiff cannot bootstrap a frivolous complaint with a conclusory allegation of retaliation.").

Finally, any allegations of civil rights violations are not properly brought in a 28 U.S.C. § 2254 proceeding. They are properly brought pursuant to 42 U.S.C. § 1983.

The petitioner's motion for regarding habeas determination [dlt. 23] is **denied** as moot.

### D.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Cameron to the relief he seeks. Accordingly, Cameron's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.
Date:   8/02/2016

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

Larry D. Cameron #160518
New Castle Correctional Facility-Annex M1-212A
1000 Van Nuys Road
New Castle, Indiana 47362

Electronically registered counsel.